Wily, J.
The order of seizure and sale in this case having been affirmed on appeal, with ten percent.'damages, plaintiff caused execution to issue and the mortgaged property was sold, leaving a balance still due by the defendant. The plaintiff then took a rule on Robert Bloomer, surety on the suspensive appeal bond, to compel him to pay the balance due after the enforcement of the executory proceeding.
The court dismissed the proceeding by rule, on the ground that, as plaintiff had no personal judgment against the principal on the appeal bond, no execution had or could issue against him, and until all legal means are exhausted against the principal, his surety can not be made liable. The correctness of this doctrine can not be doubted. 9 La. 229; 10 Rob, 136, 191; Q. P. 596.
The plaintiff, however, contends that as the principal on the appeal bond, Jesse R. Irwin, tutor, has no property belonging to the tutorship, it would be a vain thing to proceed against him, and therefore this proceeding can be maintained under the cases 1 An. 122, 11 An. 124, 20 An. 512, 25 An. 124. The difficulty is, there is no proof in the record showing that the tutorship is insolvent or without means to pay the debt for which the defendant is the judicial security. The facts disclosed in the record do not justify the legal conclusion.
Judgment affirmed.